**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | | Docket #: | |
| Debtor: | **Clark G. Smith** | Co-Debtor: | **Susan Ryan-Smith** |
| SS#: | **xxx-xx-1218** | SS#: | **xxx-xx-8047** |
| Address: | **495 Chandler Street**<br>**Worcester, MA 01602** | Address: | **495 Chandler Street**<br>**Worcester, MA 01602** |

Debtor's Counsel: **Troy D. Morrison MA BBO# 635389**
Address: **255 Park Avenue
Suite 702
Worcester, MA 01609**
Telephone #: **(508) 793-8282**
Facsimile #: **(508) 793-8212**

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

CHAPTER 13 PLAN

Docket No.: _____

| DEBTOR(S): | (H) | **Clark G. Smith** | SS# | **xxx-xx-1218** |
| | (W) | **Susan Ryan-Smith** | SS# | **xxx-xx-8047** |

**I. PLAN PAYMENT AND TERM:**

Debtor's shall pay monthly to the Trustee the sum of $ **597.00** for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☒ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

_____ ;or

☐ ____ Months.  The Debtor states as reasons therefore:

_____

**II. SECURED CLAIMS**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Citifinancial** | **Pre-petition arrears** | $ **10,468.46** |
| | | |

Total of secured claims to be paid through the Plan  $ **10,468.46**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Citifinancial** | **First Mortgage** |
| **Worcester Credit Union** | **auto loan** |
| **Volkswagon Credit, Inc.** | **auto lease** |

C.  Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D.  Leases:

    i.  The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-** ; or

    ii.  The Debtor(s) intend(s) to assume the residential/personal property lease claims of **Volkswagen Credit, Inc.** .

    iii.  The arrears under the lease to be paid under the plan are **2,277.00** .

## III. PRIORITY CLAIMS

A.  Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B.  Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **City of Worcester** | **water/sewer bill** | $ **1,848.00** |
| **City of Worcester** | **2015 real estate taxes** | $ **2,042.44** |

Total of Priority Claims to Be Paid Through the Plan  $ **3,890.44**

## IV. ADMINISTRATIVE CLAIMS

A.  Attorneys fees (to be paid through the plan):      $ **1,000.00**

B.  Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C.  The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General.  The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **100** % of their claims.

A.  General unsecured claims:      $ **14,564.00**

Total of Unsecured Claims to be paid through the plan:      $ **14,564.00**

B.  Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

C.  Non-Dischargeable Unsecured Claims to be paid outside of Plan:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **ACS Education Services** | **student loan** | $ **71,040.00** |
| **ACS Education Services** | **student loan** | $ **107,895.00** |
| **Sallie Mae** | **student loan** | $ **7,132.00** |

Total of Non-Dischargeable Unsecured Claims to be paid outside the plan: $ **186,067.00**

D.  Multiply total by percentage: $ **14,564.00**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E.  Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at ____%     $ **0.00**

## VI. OTHER PROVISIONS

    A.  Liquidation of assets to be used to fund plan:

    B.  Miscellaneous provisions:

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| A)  Secured claims  (Section I-A&D Total): | $ | **12,755.46** |
| B)  Priority claims  (Section III-A&B Total): | $ | **3,890.44** |
| C)  Administrative claims  (Section IV-A&B Total): | $ | **1,000.00** |
| D)  Regular unsecured claims  (Section V-D Total):+ | $ | **14,564.00** |
| E)  Separately classified unsecured claims: | $ | **0.00** |
| F)  Total of a + b + c + d + e above: | =$ | **32,209.90** |
| G)  Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | **35,788.78** |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,     **60** months
I. Round up to nearest dollar for Monthly Plan Payment:     $ **597.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

**VIII. LIQUIDATION ANALYSIS**

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **Primary Residence - 495 Chandler Street, Worcester, MA** <br> **Deed Reference - Book 26217, Page 277** <br> **Declaration of Homestead - Book 41014, Page 386** | $ **238,229.00** | $ **381,207.85** |

Total Net Equity for Real Property: $ **0.00**
Less Exemptions (Schedule C): $ **0.00**
Available Chapter 7: $ **0.00**

B. Automobile (Describe year, make and model):

**2005 Chrysler Town and Country 55,000 miles**    Value $ **14,767.00**   Lien $ **8,731.00**   Exemption $ **6,036.00**

Total Net Equity: $ **6,036.00**
Less Exemptions (Schedule C): $ **6,036.00**
Available Chapter 7: $ **0.00**

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

| |
|---|
| **Cash on Hand** |
| **Worcester Credit Union - checking account** |
| **Worcester Credit Union - checking account** |
| **Worcester Credit Union - savings account** |
| **Worcester Credit Union - savings account** |
| **Usual Household Furnishings** |
| **Usual Wearing Apparel** |
| **Usual Jewelry** |
| **Term Life Insurance - no cash surrender value** |
| **Retirement Account - MTRS through employer** |
| **Retirement Account - MTRS through employer** |
| **2014 Estimated Federal and State Tax Refund** |
| **2014 Estimated Federal and State Tax Refund** |

Total Net Value: $ **258,420.49**
Less Exemptions (Schedule C): $ **258,420.49**
Available Chapter 7: $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $ **0.00**

E. Additional Comments regarding Liquidation Analysis:
   If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **0** %.

## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Troy D. Morrison MA BBO#**
**Troy D. Morrison MA BBO# 635389**          Date
Debtor's Attorney
Attorney's Address: **255 Park Avenue**
**Suite 702**
**Worcester, MA 01609**
Tel. #:       **(508) 793-8282 Fax:(508) 793-8212**
Email Address:   **tmorrison@morrisonlawpc.net**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date                          Signature   **/s/ Clark G. Smith**
                                          **Clark G. Smith**
                                          Debtor

Date                          Signature   **/s/ Susan Ryan-Smith**
                                          **Susan Ryan-Smith**
                                          Joint Debtor